UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


**CHEVRON CORPORATION,**

    Petitioner,

    v.                                                               Misc No. 11-409 (JMF)

**THE WEINBERG GROUP,**

    Respondent.


**ORDER**

Before me is The Weinberg Group's Amended Motion for Reconsideration of This Court's September 8, 2011 Memorandum and Order and Motion for Protective Order [#28]. The Weinberg Group's Motion for Reconsideration fails for a number of reasons.

First, a motion for reconsideration is contemplated "as justice requires," which, in this district has been defined as times when "'the court has patently misunderstood a party, has made a decision outside the adversarial issues presented to the court by the parties, has made an error not of reasoning, but of apprehension, or where a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the court.'" Wultz v. Islamic Republic of Iran, 762 F. Supp. 2d 18, 23 (D.D.C. 2011) (quoting Ficken v. Golden, 696 F. Supp. 2d 21, 35 (D.D.C. 2010) (internal quotations omitted).

The Weinberg Group contends that the motion for reconsideration is warranted because the Court relied on the decision by Magistrate Judge Francis in the related Southern District of New York proceedings that is currently stayed. Memorandum of Points and Authorities in Support of Respondent Weinberg Group's Motion for Reconsideration of This Court's

September 8, 2011 Memorandum and Order and Motion for Protective Order [#28-6] at 2-3. But, Judge Kaplan, to whom the Southern District court case is assigned, previously found evidence that the Ecuadorian judgment was procured by fraud. That Judge Francis's order is currently stayed does not in any way detract from Judge Kaplan's previous decision. See Chevron Corp. v. Donziger, 768 F. Supp. 2d 581, 636-37 (S.D.N.Y 2011). Both this Court's and Judge Francis's orders build upon Judge Kaplan's findings. As I stated in my order granting the motion to compel,[1] principles of comity require that when the court that will ultimately try a matter has reached conclusions that speak directly to the issue presented–whether there was a prima facie case that the Ecuadorian judgment was procured by fraud– another court should accept those conclusions except in the most extraordinary situations.

The Weinberg Group makes no attempt to challenge Judge Kaplan's opinion, upon which my Order relies, and as such, fails to meet the requirements this circuit has laid out for a motion for reconsideration. On these grounds alone, the motion for reconsideration must fail.

Moreover, the situation presented me is radically different from the one confronting Judge Francis when he stayed his order. Discovery will close in 48 hours and my staying my decision would deprive Chevron of the documents and in effect render the deposition it has scheduled of the Weinberg Group nearly meaningless. A stay would in effect award the Weinberg Group for running out the clock. A judicial order staying a proceeding should be the exception not the rule and available upon a showing of a likelihood of success upon review of a superior court and that a party is threatened with irreparable harm if the stay is not granted. Baker v. Socialist People's Libyan Aran Jamahiraya, ___ F. Supp. 2d __, 2011 WL 3855855 at *3 (D.D.C. Sept 1, 2011). I find no likelihood that a court will overturn my reliance upon Judge

---

[1] See Memorandum Order [#24].

Kaplan's decision. Moreover, it is Chevron that is threatened with irreparable harm if it is denied access to the documents it needs to prepare for and then use in the deposition scheduled for the last day of discovery.

The Weinberg Group also argues that this Court failed to consider that the Ecuadorian court itself did not find that a fraud had been committed in the litigation before it. [#28-6] at 3. This argument is frivolous as Judge Kaplan already found that there was sufficient evidence to "present a fair ground for litigation as to whether the Ecuadorian judgment [was] a result of fraud practiced on the Ecuadorian tribunal." Chevron, 768 F. Supp. 2d at 637. The same principles of comity come into play here. The Weinberg Group has not proffered any new evidence or advanced any new legal theory as to why this Court should ignore Judge Kaplan's ruling and instead rely on the opinion of the Ecuadorian court when Judge Kaplan has concluded that that opinion may have been procured by fraud.

The Weinberg Group finally argues that the Court failed to conduct an *in camera* review of each of the documents on the respondents' privilege log and failed to make factual findings as to whether or not each document was used to further the fraud upon the Ecuadorian court. [#28-6] at 6. However, an *in camera* review is not required once a *prima facie* showing of fraud has been established, as it has been here. United States v. Zolin, 491 U.S. 554, 572 (1989) ("Once [the *prima facie* crime fraud] showing is made, the decision whether to engage in in camera review rests in the sound discretion of the district court."). In this case, a *prima facie* finding of fraud has been made on numerous occasions by this Court and in the related cases and as such, it is within my discretion to order production of these documents without reviewing each document individually.

More significantly, the Weinberg Group never asked me until now to review each document individually. Instead, it "rolled the dice" by claiming the privilege absolutely barred the production of the documents. It is the worse kind of gamesmanship to accuse me of "error" for not doing what they never asked me to do. Moreover, it takes remarkable kidney to demand that I review over 1,000 documents in the next 24 hours.

Turning to the Weinberg Group's motion for a protective order, I need only look to the filings before Judge Kollar-Kotelly in this matter to see that the Weinberg Group has previously represented that if so ordered, it would turn over all documents previously withheld within 24 hours, without any mention of a protective order. Joint Status Report [#9] at 3. A protective order is only warranted under Rule 26(c)(1) of the Federal Rules of Civil Procedure when the moving party has met the "heavy burden of showing extraordinary circumstances based on specific facts that would justify such an order." Alexander v. F.B.I., 186 F.R.D. 71, 75 (D.D.C. 1998) (internal quotations omitted). The Weinberg Group attempts to meet this burden by reasserting that the documents are protected by the attorney-client privilege that this Court has already found to have been forfeited, and by stating that the documents may include some confidential information, but it fails to make more than general assertions as to the nature of such information. [#28-6] at 9-10.

As the Weinberg Group also ignores, a party making a claim of privilege of whatever kind must do expressly and "describe the nature of the documents . . . not produced . . . and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." F. R. Civ. P. 26(b)(5). I have reviewed its privilege log and in the few instances where it claims a privilege other than attorney-client or work product it utterly

fails to meet this requirement.

Additionally, the Weinberg Group argues that Chevron will use any such documents turned over pursuant to this Court's order to further its cases before the Ecuadorian appellate court and in an international arbitration proceeding pending in the Hague. [#28-6] at 10. However, the Weinberg Group fails to point to any legal concept or case that would prohibit such use, and simply makes vague assertions that Chevron may do so in the future. I see no ground for a protective order on this basis,

The Weinberg Group also argues that Chevron will "race to disseminate publicly" the turned over documents, Id. at 9. I want to make sure that the production of the documents and the deposition take place as scheduled. I therefore ask the lawyers for Chevron, in the interests of time and as a courtesy to me, not to publicly disclose the documents at this time. When they wish to make any greater use of them, they should seek either my permission or Judge Kaplan's.

## CONCLUSION

Respondent has failed to present any new evidence or legal reasoning as to why the Court's Order should not be upheld. The Weinberg Group's motion for reconsideration will be denied. The Weinberg Group is further ordered to comply with this Court's September 8, 2011 Memorandum Order [#24] within 24 hours as per its representation in the August 3, 2011 Joint Status Report [#9]. Additionally, the Weinberg Group's Motion for Protective Order will be denied.

Accordingly, it is therefore, hereby,

**ORDERED** that The Weinberg Group's Amended Motion for Reconsideration of This Court's September 8, 2011 Memorandum and Order and Motion for Protective Order [#28] is

**DENIED**. It is further, hereby,

**ORDERED** that the Weinberg Group turn over all documents referenced in the Court's September 8, 2011, <u>Memorandum Order</u> [#24] within 24 hours of the date of this Order.

**SO ORDERED**.

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE