IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re Motion of<br><br>CHEVRON CORPORATION,<br><br>              Petitioner,<br><br>To Compel the Production of Documents from<br><br><br>THE WEINBERG GROUP,<br><br>              Respondent,<br><br>In Connection with a Civil Action Pending in the United States District Court for the Southern District of New York. | Misc. Action No: 1:11-mc-00409-JMF |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
RESPONDENTS THE WEINBERG GROUP AND DEFENDANTS HUGO GERARDO
CAMACHO NARANJO AND JAVIER PIAGUAJE PAYAGUAJE'S
MOTION FOR RECONSIDERATION OF THIS COURT'S SEPTEMBER 26, 2012
ORDER AND MOTION FOR ENTRY OF
FEDERAL RULE OF EVIDENCE 502(d) ORDER**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................. 1

RELEVANT PROCEDURAL HISTORY ............................................................................... 2

ARGUMENT ........................................................................................................................... 6

I.     THIS COURT SHOULD RECONSIDER ITS RULINGS THAT WEINBERG
       MUST PRODUCE ALL DOCUMENTS PROTECTED BY THE ATTORNEY-
       CLIENT PRIVILEGE AND DOCUMENTS CONTAINING FACT WORK
       PRODUCT ..................................................................................................................... 6

       A.     Communications Between Weinberg and its Counsel Regarding
              Chevron's Discovery Demands Are Protected by the Attorney-Client
              Privilege ............................................................................................................. 6

       B.     The Issue of Chevron's "Substantial Need" for Weinberg's Fact Work
              Product Was Not Before the Court ..................................................................... 8

       C.     Granting Reconsideration Will Not Result in Prejudice to Chevron ...................... 9

II.    THE COURT SHOULD ENTER A NON-WAIVER ORDER PURSUANT TO
       FEDERAL RULE OF EVIDENCE 502(d) ...................................................................... 10

CONCLUSION .............................................................................................................................. 16

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Bolden v. Ashcroft*,
515 F. Supp. 2d 127 (D.D.C. 2007) .................................................................................7

*Chevron Corp. v. Naranjo*,
667 F.3d 232 (2d Cir. 2012)..............................................................................................4

*Chevron Corp. v. Salazar*,
No. 11-3718, 2011 WL 3880896 (S.D.N.Y. Sept. 1, 2011) ........................................7

*Chevron Corp. v. The Weinberg Group*,
No. 11-7097, Dkt.1378158 (D.C. Cir. June 12, 2012)....................................................4

*Chevron v. Donziger*,
No. 11-cv-00691-LAK (S.D.N.Y.) .................................................................................1

*Cobell v. Norton*,
355 F. Supp. 2d 531 (D.D.C. 2005)..................................................................................7

*Corson & Gruman Co. v. NLRB*,
899 F.2d 47 (D.C. Cir. 1990)............................................................................................9

*D'Onofrio v. SFX Sports Grp., Inc.*,
256 F.R.D. 277 (D.D.C. 2009)........................................................................................14

*Firestone v. Firestone*,
76 F.3d 1205 (D.C. Cir. 1996)..........................................................................................9

*Forman v. Korean Air Lines Co., Ltd.*,
84 F.3d 446 (D.C. Cir. 1996)............................................................................................9

*LaRouche v. FEC*,
28 F.3d 137 (D.C. Cir. 1994)............................................................................................9

*Negley v. Federal Bureau of Investigation*,
825 F. Supp. 2d 58 (D.D.C. 2011)....................................................................................8

*Radian Asset Assurance, Inc. v. Coll. of the Christian Bros. of New Mexico*,
No. 09-0885, 2010 WL 4928866 (D.N.J. Oct. 22, 2010) ............................................14

*United States v. Daugerdas*,
No. S3 09 CR 581, 2012 WL 92293 (S.D.N.Y. Jan. 11, 2012)...................................14

*Whitaker Chalk Swindle & Sawyer, LLP v. Dart Oil & Gas Corp.*,
      No. 08-684-Y, 2009 WL 464989 (N.D. Tex. Feb. 23, 2009) ...........................................11, 14

*Wultz v. Islamic Republic of Iran,*
      762 F. Supp. 2d 18 (D.D.C. 2011) ...................................................................................7, 8

**RULES**

Federal Rule of Evidence 502 ........................................................................................... passim

**STATUTES**

28 U.S.C. § 1782.........................................................................................................2, 6, 14

**OTHER AUTHORITIES**

Hon. John M. Facciola and Jonathan M. Redgrave, *Asserting and Challenging Privilege
      Claims in Modern Litigation: The Facciola-Redgrave Framework*, 2009 Fed. Cts. L.
      Rev. 4 (November 2009)................................................................................................13

## PRELIMINARY STATEMENT

Following this Court's suggestion in its September 26, 2012 Memorandum Order, Respondents The Weinberg Group LLC ("Weinberg") and the Ecuadorian Plaintiffs[1] (collectively, "Respondents") respectfully submit this motion seeking entry of the proposed Federal Rule of Evidence 502(d) Order ("Rule 502(d) Order") filed herewith to protect documents produced in response to Petitioner Chevron Corporation's ("Chevron") subpoena. Entry of Respondents' proposed Rule 502(d) Order will facilitate the prompt production of documents limiting assertions of privilege to core opinion work product as directed by this Court's September 26 Order without risk of waiver, and also is likely to efficiently resolve this matter without a need for further Court intervention, or at least to minimize as much as possible. As described herein, Respondents' proposed Rule 502(d) Order provides that Weinberg will produce to Chevron the documents that Chevron claims to urgently need for its action in New York *without redactions for even core opinion work product* while allowing Weinberg and the Ecuadorian Plaintiffs to continue to maintain that such information is protected from disclosure. The proposed Rule 502(d) Order further establishes a procedure that Chevron may utilize, if necessary, to challenge Weinberg's assertion that such information is protected as core opinion work product.  The proposed Rule 502(d) Order also provides narrower protection against a broad waiver for all work product not designated specifically by Weinberg as opinion work product protected by this Court's September 26 Memorandum Opinion and Order.

---

[1] Hugo Gerardo Camacho Naranjo and Javier Piaguaje Payaguaje, Defendants in the *Chevron v. Donziger*, No. 11-00691-LAK (S.D.N.Y.) action ("Ecuadorian Plaintiffs") also join this motion. By filing this memorandum of points and authorities, the Ecuadorian Plaintiffs do not intend to waive any defenses they may have in connection with this proceeding or in *Chevron v. Donziger*, No. 11-00691-LAK (S.D.N.Y.) (the "RICO action").

Weinberg and the Ecuadorian Plaintiffs also respectfully move for reconsideration of two narrow but important rulings in this Court's September 26 Order concerning attorney-client privilege and work product protection.  Reconsideration of these two narrow issues is warranted, notwithstanding the anticipated entry of the proposed Rule 502(d) Order, in order to prevent manifest injustice to Weinberg and the Ecuadorian Plaintiffs.  First, this Court should reconsider its determination that the attorney-client privilege does not apply to *any* documents on Weinberg's privilege log, insofar as it overlooked communications between Weinberg and *its own* attorneys containing or seeking legal advice as to Chevron's discovery demands.  Second, this Court should reconsider its finding that Chevron demonstrated "substantial need" overcoming fact work product because Chevron only referenced "substantial need" in a single sentence of its reply brief.  Thus, the issue was "beyond the adversarial issues presented" to this Court.

Reconsideration of these two narrow issues will not prejudice Chevron, particularly if the Court enters the proposed Rule 502(d) Order.  Indeed, the proposed Rule 502(d) Order provides Chevron with *more* information than provided by this Court's September 26 Order.  Accordingly, Respondents respectfully request that the Court enter the proposed Rule 502(d) Order and grant reconsideration.

**RELEVANT PROCEDURAL HISTORY**

When Chevron filed an application under 28 U.S.C. § 1782 seeking discovery from Weinberg in aid of foreign litigation on January 21, 2011, Weinberg turned to the law firm that has represented it in various respects since 1983, Stein, Sperling, Bennett, De Jong, Driscoll P.C. ("Stein Sperling"), for advice.  Jeffrey Schwaber of Stein Sperling entered a formal appearance in the § 1782 proceeding on behalf of Weinberg.  (*See* Declaration of James E. Tyrrell, Jr. ("Tyrrell Decl."), Ex. 1).  Thereafter, on or about May 23, 2011, Chevron served the instant

subpoena *duces tecum* on Weinberg regarding its bifurcated, and later severed, declaratory judgment claim in the Southern District of New York that was proceeding to trial on an accelerated schedule.   Mr. Schwaber also advised Weinberg (without formally appearing) regarding Chevron's subpoena and also with regard to subpoenas for deposition testimony Chevron later served on Weinberg.

In response to the instant subpoena, Weinberg produced more than 1,000 responsive, but non-privileged, documents.   Weinberg also served timely objections to the subpoena, and identified documents that it had withheld (in part or in whole) on the basis of the attorney-client privilege and work product protection on a privilege log (this log was amended on August 5, 2011 in accordance with Judge Kollar-Kotelly's August 3, 2011 order).  (*See* Dkt. 10 at 2-3).[2]

Chevron moved to compel, and then filed an amended motion to compel on August 8, 2011, arguing for waiver of all privilege and work product protection asserted by Weinberg and the Ecuadorian Plaintiffs based on Weinberg's alleged role with regard to the preparation of supplemental expert reports and by virtue of other parties' purported waivers.  (*See generally* Dkt. 17).   Underlying Chevron's arguments were its claims that the supplemental expert reports were part of a purported fraud on the Ecuadorian Court in the Ecuadorian litigation, which, according to Chevron, should prevent any privilege or protection from attaching to anything or anyone with any possible connection to the Ecuadorian Plaintiffs, no matter how miniscule or remote.   Chevron also levied conclusory challenges to Weinberg's privilege logs themselves on various grounds.  (*See* Dkt. 17 at 18).   But Chevron did *not* challenge the privilege asserted over communications between Weinberg and *its* attorneys.   Nor did Chevron claim that it had a "substantial need" sufficient to overcome existing work product protection.

---

[2] References to "Dkt." refer to the docket in this action, 11-mc-00409-JMF (D.D.C.).

This Court granted Chevron's motion on September 8, 2011, and determined that the crime-fraud exception vitiated all privileges and protections over Weinberg's documents. (Dkt. 24). Weinberg moved for reconsideration in this Court (Dkt. 28) and then appealed this Court's decision to the D.C. Circuit. (Dkt. 32). Weinberg also complied with this Court's September 8, 2011 Order and produced every document it had withheld on the basis of privilege or work product protection.[3]

On January 26, 2012, the United States Court of Appeals for the Second Circuit reversed and vacated the Southern District of New York's order and opinion granting Chevron a preliminary injunction and directed the district court to dismiss Chevron's declaratory judgment claim. *Chevron Corp. v. Naranjo*, 667 F.3d 232 (2d Cir. 2012). Thereafter, on June 12, 2012, the D.C. Circuit vacated and remanded this Court's decision. *Chevron Corp. v. The Weinberg Group*, No. 11-7097, Dkt.1378158 (D.C. Cir. June 12, 2012). As a result of the Second Circuit's reversal and dismissal of the underlying declaratory judgment action, the deadlines in the New York action identified by Chevron in its earlier motions no longer govern. Rather, requests for written discovery (interrogatories, document requests or requests for admission) must be served by December 1, 2012; discovery is set to close May 31, 2013; and there is no trial date.

On September 26, 2012, without additional briefing following remand,[4] this Court entered another Opinion and Order regarding Chevron's August 8, 2011 amended motion to compel requiring Weinberg to produce certain documents and making certain findings with

---

[3] Chevron had unfettered access to Weinberg's privileged documents for approximately nine months when, following remand, this Court ordered Chevron to place the documents in a sealed container. (*See* Minute Order, June 25, 2012.)

[4] This Court heard argument on Respondents' motion for enforcement of the D.C. Circuit's June 12, 2012 Opinion and Order following remand, but did not hold argument with respect to Chevron's amended motion to compel.

respect to Respondents' claims of work product and attorney-client privilege.  (Dkts. 53, 54).

The Court's September 26 Memorandum Opinion and accompanying Order form the basis for

this application.  Pursuant to the Court's September 26 Order and October 2 Order (Dkt. 57)

modifying that Order, Weinberg produced documents to Chevron on September 27, 2012,

October 5, 2012, October 9, 2012 and October 16. 2012.[5]  In so doing, Weinberg has followed

this Court's direction and narrowly applied the opinion work product protection in anticipation

of this Court entering a Rule 502(d) Order protecting against any argument of waiver.  (*See* Dkt.

54 at 10).  Pending a ruling on this motion, Weinberg will continue to comply with this Court's

September 26 and October 2 Orders.  Prior to the filing of this motion, Respondents provided

Chevron with a copy of the proposed Rule 502(d) Order discussed herein in an attempt to reach

an agreement with Chevron as to the Order's terms.  Respondents' efforts were unsuccessful.  As

discussed herein, Chevron purported to agree in principle with entry of a Rule 502(d) Order, but

would only agree to entry of a narrow order which fails to provide Weinberg or the Ecuadorian

Plaintiffs with any meaningful protection.[6]

---

[5] Respondents immediately consented to Chevron opening the "sealed container" to remove and review the documents listed in Appendix "A" of the Court's September 26, 2012 Order on September 27, 2012.  (Respondents' Motion for Extension of Time and Production Proposal, Dkt. 55 at 1.)  Thereafter, Respondents produced (i) documents marked as bills, invoices, receipts, and e-mails pertaining to compensation or retention of The Weinberg Group on October 5, 2012 (*see* Tyrrell Decl., Ex. 7); (ii) documents identified as maps, articles, and diagrams used by the experts on October 9, 2012 (*see id.*, Exs. 8, 9) and (iii) 100 documents per day of the remaining documents on a rolling basis beginning October 16, 2012, until completion (*see id.*, Ex. 10).

[6] On October 15, 2012, Weinberg provided Chevron with a proposed Rule 502(d) Order. Yesterday, Chevron responded that it would not agree and, as discussed herein, suggested numerous revisions that, if accepted, would eviscerate the core protections of the proposed Rule 502(d) Order.  Weinberg revised the proposed Rule 502(d) Order to attempt to satisfy certain of Chevron's comments and provided it to Chevron this morning.  Late this afternoon, Chevron's counsel again advised Weinberg that it would not agree to the terms of the revised Rule 502(d)

*Footnote continued on next page. . .*

## ARGUMENT

I. **THIS COURT SHOULD RECONSIDER ITS RULINGS THAT WEINBERG MUST PRODUCE ALL DOCUMENTS PROTECTED BY THE ATTORNEY-CLIENT PRIVILEGE AND DOCUMENTS CONTAINING FACT WORK PRODUCT**

    A. **Communications Between Weinberg and its Counsel Regarding Chevron's Discovery Demands Are Protected by the Attorney-Client Privilege**

In concluding that the attorney-client privilege cannot apply to any of the documents described on Weinberg's privilege logs, the Court stated that the only attorney-client privilege claims were for communications between (1) Weinberg and the Ecuadorian Plaintiffs, (2) the Ecuadorian Plaintiffs and the experts retained by Weinberg, or (3) Weinberg and Donziger – none of which communications were between an attorney and a client, according to the Court, and thus, were not privileged. (*See* Dkt. 54 at 8-9). But the Court overlooked a fourth critical category: Communications between Weinberg and *its own* attorneys concerning Chevron's discovery demands. (*See, e.g.*, Dkt. 21 at 33, which notes entries on Weinberg's privilege log describing communication between Jeff M. Schwaber of Stein Sperling (Weinberg's attorneys) and Weinberg concerning "legal strategy regarding subpoena served on consulting experts", and referring the Court to other examples of similar communications (citing Dkt. 20-42)).

As noted, Mr. Schwaber appeared on behalf of Weinberg in connection with Chevron's earlier filed § 1782 proceeding; thus, his status as Weinberg's attorney was a matter of public record known to Chevron (and in any event, Mr. Schwaber has been Weinberg's long-term

---

*. . . Footnote continued from previous page*

Order, but did not provide further detail or any suggested revisions. (Tyrrell Decl., Ex. 12). Given the divergence of the parties' core positions (*see* Section II, *infra*) and the risk that further delay in requesting a proposed Rule 502(d) Order could prejudice Weinberg and the Ecuadorian Plaintiffs, this motion is now ripe for the Court's determination. Of course, if Chevron's counsel were to propose modifications providing sufficient protections to Weinberg and the Ecuadorian Plaintiffs, counsel will promptly advise the Court.

counsel).  Indeed, Chevron did not challenge the sufficiency of Weinberg's privilege log entries describing communications between Mr. Schwaber and Weinberg regarding Chevron's discovery demands.   Furthermore, Weinberg's requests for advice about responding to Chevron's discovery demands (primarily the very subpoena at issue in this proceeding) are beyond the scope of Chevron's allegations regarding the supplemental experts.[7]   These communications (and the associated privilege log entries) clearly reflect communications between an attorney (Mr. Schwaber) and his client (Weinberg) conveying legal advice, and should therefore be excluded from the Court's blanket categorization "disallowing" Respondents' claims of attorney-client privilege.

Courts have broad discretion to grant reconsideration.  *Wultz v. Islamic Republic of Iran,* 762 F. Supp. 2d 18, 23 (D.D.C. 2011).  Respectfully, reconsideration is appropriate here because this Court overlooked communications between Weinberg and its attorneys containing legal advice regarding Chevron's discovery demands.  *See Bolden v. Ashcroft*, 515 F. Supp. 2d 127, 135 (D.D.C. 2007) (reconsideration is appropriate when the Court has overlooked controlling information that might reasonably be expected to alter the conclusion reached by the court); *Cobell v. Norton*, 355 F. Supp. 2d 531, 539 (D.D.C. 2005) (same).  These communications were evident from the logs themselves, were noted by Weinberg in its opposition brief, and were not challenged.  (*See* Dkt. 21 at 33; Dkt. 20-42).  None of Chevron's critiques of Weinberg's privilege log address these specific communications.  Accordingly, Respondents respectfully

---

[7] These attorney-client communications regarding Chevron's discovery demands are very likely not even responsive, but Weinberg included them on its log in an abundance of caution due to the breadth of Chevron's subpoena. *See Chevron Corp. v. Salazar*, No. 11-3718, 2011 WL 3880896, at *2 (S.D.N.Y. Sept. 1, 2011) (holding that communications among counsel concerning the response to a subpoena are not responsive and need not be logged).

request that the Court reconsider its blanket requirement and permit such communications to be

redacted on the basis of attorney-client privilege.[8]

**B.      The Issue of Chevron's "Substantial Need" for Weinberg's Fact Work Product Was Not Before the Court**

This Court's September 26 Memorandum Opinion and Order directed Weinberg to

produce all fact work product based on its finding that "Chevron has shown a substantial need

for the factual work product which cannot be obtained through other means."  (Dkt. 54 at 7-8).

But Chevron's purported "substantial need" for these documents for the underlying action in

New York was "beyond the adversarial issues presented" in Chevron's amended motion to

compel.  Accordingly, Respondents also request that the Court reconsider this finding.  *See*

*Negley v. Federal Bureau of Investigation*, 825 F. Supp. 2d 58, 60 (D.D.C. 2011) (in determining

whether to grant a motion for reconsideration, courts in this Circuit may consider many factors,

including whether the court "made a decision beyond the adversarial issues presented"); *Wultz,*

762 F. Supp. 2d at 23 (relevant circumstances for granting reconsideration include "whether the

court 'has patently misunderstood a party, has made a decision outside the adversarial issues

presented to the court by the parties, [or] has made an error not of reasoning, but of apprehension

. . . .'") (citations omitted; alterations in original).

Chevron's arguments in this proceeding focused on its claim that work product protection

either did not attach in the first instance or had been waived.  Nowhere did Chevron assert in its

moving papers that a valid claim of work product existed, but had been overcome by Chevron's

---

[8] Because these limited attorney client communications are likely also opinion work product, Weinberg will provide a detailed description of the basis for these limited redactions, as required by this Court's September 26 and October 2 Orders, based upon both opinion work product and attorney-client privilege, pending further Order of the Court on this motion.

"substantial need."[9]   At most, "substantial need" was mentioned in a single sentence of Chevron's *reply* in further support of its amended motion to compel.  (*See* Dkt. 22 at 17 (noting that Weinberg has evidence that "cannot be obtained from any other source.")).  Even if this single sentence were sufficient to place the issue before the Court—and it was not—the issue was also not properly before the Court because it was only raised in Chevron's reply brief.[10]  *See, e.g., Forman v. Korean Air Lines Co., Ltd.*, 84 F.3d 446, 448 (D.C. Cir. 1996); *see also LaRouche v. FEC*, 28 F.3d 137, 140 (D.C. Cir. 1994) ("Considering an argument advanced for the first time in a reply brief . . . is not only unfair to an appellee but also entails the risk of an improvident or ill-advised opinion on the legal issues tendered.") (internal citations and quotations omitted); *Corson & Gruman Co. v. NLRB*, 899 F.2d 47, 50 n.4 (D.C. Cir. 1990).

The Court's finding that Chevron has a "substantial need" for these documents sufficient to overcome fact work product protection, when this issue was "beyond the adversarial issues presented," results in manifest injustice to Respondents.  *See Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996).  Accordingly, Weinberg and the Ecuadorian Plaintiffs respectfully request that the Court reconsider this finding, as it was not addressed in the motion papers and thus was "beyond the adversarial issues presented."

### C.    Granting Reconsideration Will Not Result in Prejudice to Chevron

Reconsideration of the two issues addressed herein will not prejudice Chevron, particularly if the Court enters the Rule 502(d) Order requested in Part II, below.  Nothing in the

---

[9] Chevron's "exceptional circumstances" argument should not be conflated with a claim of "substantial need" because that argument was based on Chevron's position that Weinberg was in effect a testifying expert or fact witness. (*See* Dkt. 17 at 16; Dkt. 22 at 17).

[10] Even after remand, Chevron made no "substantial need" argument, but instead continued to focus its arguments exclusively on the crime-fraud exception. (*See* Tyrrell Decl., Ex. 11, July 6, 2012 Tr. 16:24-25 to 17:1-3, 20-22).

relief requested herein will delay Chevron's access to the documents this Court has ordered be produced with the limited exception of a small number of attorney-client privileged communications (described in Section I.A., *supra*) that are irrelevant to Chevron's underlying allegations regarding the supplemental expert reports and to which Chevron is not entitled in the first instance.  Indeed, if the Rule 502(d) Order proposed by Respondents is entered, Chevron will obtain *more* information than ordered by this Court—Weinberg will produce core opinion work product without redaction subject to the requested Rule 502(d) Order.  As described in detail in Section II, *infra*, Respondents' proposed approach will allow Chevron to promptly obtain the information it claims to urgently need for its action in New York; Weinberg and the Ecuadorian Plaintiffs will maintain their privileges over a limited set of documents without being saddled by adverse rulings not litigated before this Court; and, if necessary, Chevron will have the opportunity to return to this Court for a ruling on whether these documents are in fact privileged or protected.  Respondents anticipate that this approach will limit resources expended on this matter by the parties and the Court and obviate any further need for this Court's intervention.

## II.    THE COURT SHOULD ENTER A NON-WAIVER ORDER PURSUANT TO FEDERAL RULE OF EVIDENCE 502(d)

In its September 26, 2012 Memorandum Opinion, this Court offered to "issue, on [Weinberg's] application, an order pursuant to Rule 502(d) of the Federal Rules of Evidence that would alleviate any concern it has about such a disclosure [of privileged documents] constituting a waiver in any other state or federal proceeding." (Dkt. 54 at 10).  To reduce the burden on this Court and the parties, expedite the production of information to Chevron, and protect Weinberg's assertions that the documents at issue should be protected from disclosure, Weinberg respectfully makes this submission for entry of the Rule 502(d) Order filed herewith.  Although Respondents

endeavored in good faith to reach agreement with Chevron with respect to the terms of the attached Rule 502(d) Order, those efforts were unsuccessful.

Rule 502(d) permits federal courts to "order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court—in which event the disclosure is also not a waiver in any other federal or state proceeding." Fed. R. Evid. 502(d). The proposed Rule 502(d) Order will provide two different levels of protection to two different types of documents. First, Paragraph 8 of the Rule 502(d) Order permits Weinberg to produce fact and certain opinion work product without fear that Chevron will later argue that production of these documents constitutes a waiver beyond this action and the underlying New York action. This provision will allow Weinberg to take a narrow of view of opinion work product as directed by this Court, and "abandon[]"claims of privilege as to certain documents. And with regard to fact work product, even if this Court declines to reconsider its finding that Chevron has a substantial need for such documents, Paragraph 8 will limit the impact of that compelled disclosure to this proceeding and, more importantly, to the underlying RICO action in New York for which Chevron purportedly needs the documents.[11] (*See* Dkt. 54 at 7 (holding that Chevron had a substantial need for Weinberg's factual work product to "make out its case" in the RICO action)); *see also Whitaker Chalk Swindle & Sawyer, LLP v. Dart Oil & Gas Corp*., No. 08-684-Y, 2009 WL 464989 at *5 (N.D. Tex. Feb. 23, 2009) (ordering that mandatory disclosure in instant action would not waive privilege with respect to other proceedings).

Second, in an attempt to foreclose additional time-consuming discovery motions before this Court, the attached proposed Rule 502(d) Order also provides a "quick peek" arrangement in

---

[11] Chevron will not agree to provide any protection against broader waiver for documents containing fact work product. Indeed, Chevron would only have the protection against broad waiver apply to the core opinion work product that this Court ruled need not be produced at all.

11

which Weinberg can and will produce responsive documents to Chevron[12] *without redacting*

*opinion work product* protected from disclosure by this Court's September 26 Order, provided

that the production of any documents without redaction does not waive any privilege or

protection over those documents (either here or in any other proceeding).[13] (Proposed Rule

502(d) Order ¶¶ 2, 5).   Should the Court enter the Rule 502(d) Order, Weinberg will agree to

provide Chevron with a list of the documents that it is producing *subject to* its assertion that they

contain opinion work product that is protected from disclosure per this Court's September 26

Order.   (Proposed Rule 502(d) Order ¶¶ 3, 5).   This list shall serve as the equivalent of a

privilege log except that Chevron will have access to the information that would otherwise be

redacted.   If Chevron wishes to challenge those assertions and use (*i.e.*, introduce, file, or

otherwise disclose) any document identified by Weinberg as protected (other than to "formulate

informed discovery requests", (*see* Dkt. 56 at 1), it must first notify Respondents and give them

the opportunity to enforce the asserted protection.[14]   (Proposed Rule 502(d) Order ¶ 6).   If

---

[12] Excluding the limited documents that Weinberg will redact to exclude attorney-client privileged information if the request for reconsideration discussed *supra* in Section I is granted.

[13] Chevron has proposed that Weinberg's production of documents Weinberg identifies as containing core opinion work product shall not constitute a waiver of any privilege or protections with respect to those documents in any *other* proceeding, but it has not agreed that the Rule 502(d) Order will protect the documents from waiver in *this* proceeding (*i.e., In re Chevron Corporation*, No. 11-mc-00409-JMF (D.D.C) and the RICO action).   Chevron's approach, of course, is incongruous with this Court's finding that Weinberg may protect such core opinion work product from disclosure.   Thus, through negotiation of this proposed order, Chevron has attempted to help itself to a waiver of core opinion work product not ordered by this Court.

[14] While "quick peek" arrangements do carry some risk that, effectively, once the bell is rung, it cannot be unrung, in this particular case, Chevron had unfettered access to the documents for nearly a year.   Thus, in this case the bell *has* already been rung.   In fact, Chevron's attorney Randy Mastro admitted as much during the July 6, 2012 argument before this Court ("We did not use [the privileged/protected documents produced by Weinberg pursuant to this Court's September 8, 2011 Order, Dkt. 24] and we have sequestered them.   But we had the chance to review them." (Tyrrell Decl. Ex. 11, July 6, 2012 Tr. 13:18-20).   A quick peek arrangement is

*Footnote continued on next page. . .*

12

Respondents elect to enforce the asserted privilege or protection and Chevron still wishes to use the document, it must seek this Court's approval by motion and establish that the information is not protected from disclosure.[15]  (Proposed Rule 502(d) Order ¶ 7).

The entry of the proposed Rule 502(d) Order in this case will facilitate discovery and promote judicial economy, while at the same time protecting Weinberg's and the Ecuadorian Plaintiffs' privilege.  *See generally* Fed. R. Evid. 502(d) advisory committee's note at Subdivision (d) ("[t]his subdivision is designed to enable a court to enter an order, whether on motion of one or more parties or on its own motion, that will allow the parties to conduct and respond to discovery expeditiously . . . while still preserving each party's right to assert the privilege to preclude use in litigation of information disclosed in such discovery.")  The Rule 502(d) Order proposed by Weinberg would allow Chevron to access these documents immediately – without opinion work product redacted – for purposes of identifying potential witnesses or additional discovery requests well before the December 1, 2012 deadline for service of discovery requests in the New York action.  Thus, the proposed Rule 502(d) Order will fully

---

*. . . Footnote continued from previous page*

thus particularly well suited to this situation.  *See* Facciola-Redgrave (Hon. John M. Facciola and Jonathan M. Redgrave, *Asserting and Challenging Privilege Claims in Modern Litigation: The Facciola-Redgrave Framework*, 2009 Fed. Cts. L. Rev. 4 (November 2009) at 30) (noting that Rule 502(d) orders "allow[] courts to permit or require disclosures of potentially privileged information with an umbrella protection against loss of privilege. In the extreme, the rule arguably authorizes courts to enter "quick peek" orders with or without the consent of the parties.")

[15] Despite advocating for a similar procedure in related proceedings—where the party contesting the privilege over a document must seek the Court's approval prior to using that document (*see* Tyrrell Decl., Ex. 6), Chevron has now suggested that Respondents rather than Chevron, bear the burden of moving the Court for a determination with respect to the asserted protection.  The Court should reject Chevron's attempt to foist this burden on Respondents.  Absent a Rule 502(d) Order, Chevron would surely have to move this Court to seek disclosure of redacted opinion work product.  The same procedure should apply upon entry of the Rule 502(d) Order.

address Chevron's only articulated concern regarding timing (*see, e.g.*, Dkt. 56 at 1), while still

enabling Respondents to prevent disclosure of protected information.[16]

Other courts, applying Rule 502(d), have entered similar orders.  *See, e.g.*, *Whitaker*,

2009 WL 464989, at \*4 (recognizing that a Rule 502(d) order adequately addressed the

defendant's concern that the disclosure of privileged documents subject to mandatory disclosure

would not waive the privilege with respect to those documents); *Radian Asset Assurance, Inc. v.*

*Coll. of the Christian Bros. of New Mexico*, No. 09-0885, 2010 WL 4928866, at \*8 (D.N.J. Oct.

22, 2010) (entering Rule 502(d) order upon defendant's offer to produce all of its electronic

documents to plaintiff); *United States v. Daugerdas*, No. S3 09 CR 581, 2012 WL 92293, at \*1

(S.D.N.Y. Jan. 11, 2012) (enforcing a Rule 502(d) order that specified that the disclosure of a

privileged document did not constitute a waiver of privilege in any Federal or State proceeding);

*see also D'Onofrio v. SFX Sports Grp., Inc.*, 256 F.R.D. 277, 278 (D.D.C. 2009) (Facciola, J.)

(observing that Rule 502(d) and (e) might aid the parties in proceeding efficiently).

In fact, Chevron itself advocated for, and the Ecuadorian Plaintiffs agreed to, a similar

Rule 502(d) order, which was subsequently entered by the Northern District of California in a

related § 1782 proceeding the Ecuadorian Plaintiffs brought to obtain discovery from Diego

Borja, Chevron's soil sampling "logistics contractor," in connection with the Ecuador litigation.

(*See* Tyrrell Decl., Ex. 5).  Among other things, the order provided that "the parties agree that

Borja's act of producing any documents that are identified as privileged in his privilege log shall

not constitute a waiver by Borja of any privileges that Borja asserted in the privilege log.  This

agreement is to be interpreted to provide the greatest protection to Borja allowed by Federal Rule

---

[16] Of course, there is a risk the some of the anticipated efficiencies and cost-savings will be lost if Chevron challenges the protection for all documents disclosed subject to this provision of the proposed Rule 502(d) Order.

of Evidence 502, or otherwise permitted by law." *Id.* at 2.  Furthermore, when a dispute arose in related proceedings regarding the filing of potentially privileged documents that Borja had produced, Chevron proposed that "in order to avoid similar disputes in other proceedings, the ROE and the [Ecuadorian Plaintiffs] will give 10 days' notice of their intent to use documents produced by Borja over which Chevron has asserted work-product protection, so that the parties can resolve any objections in an orderly manner.  If Chevron, and if applicable, Borja, do not approve of the filing of these documents, then the ROE and the [Ecuadorian Plaintiffs] must seek court approval for filing." (Tyrrell Decl., Ex. 6 at 6).

Based on Chevron's own arguments regarding the production of privileged material in the Northern District of California proceedings, Chevron has no basis to contest the entry of a Rule 502(d) Order in this matter.  Indeed, Weinberg's proposed Rule 502(d) Order will provide Chevron with more documents than it would otherwise receive in light of the Court's prior orders, *i.e.,* Weinberg will produce documents containing opinion work product *without redaction* so long as they are subject to the provisions of this Rule 502(d) Order.  Respondents are agreeing to turn over protected information subject to the proposed 502(d) Order because, like this Court, Respondents are "hopeful that Chevron will . . . conclude as well that further litigation about [these documents] . . . is unnecessary." (*See* Dkt. 54 at 10).

## CONCLUSION

For the foregoing reasons, Weinberg and the Ecuadorian Plaintiffs respectfully request that the Court reconsider its rulings with respect to documents protected by the attorney-client privilege and work-product doctrine, and enter the proposed Rule 502(d) Order filed herewith.

Respectfully Submitted,

Dated:  October 17, 2012

/s/ *Eric S. Westenberger*
Eric S. Westenberger
James E. Tyrrell, Jr.
PATTON BOGGS, LLP
One Riverfront Plaza, 6th Fl.
Newark, NJ 07102
Telephone: (973) 848-5600
Fax: (973) 848-5601
E-mail: ewestenberger@pattonboggs.com
E-mail: jtyrrell@pattonboggs.com
*Admitted pro hac vice*

*/s/Richard Carter*
Richard Carter, DC Bar #339358
CARTER, COLEMAN & RAGLAND
Attorneys and Counselors at Law
602 Cameron Street
Alexandria, VA 22314
T: (703) 739-4200
F: (703) 739-4210
Email: rcarter@colemanragland.com

*Attorneys for The Weinberg Group, Hugo Gerardo Camacho Naranjo and Javier Piaguaje Payaguaje*

16