UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHEVRON CORPORATION,         :
                             :
        Petitioner,           :
                             :
v.                           :         Misc. Action No. 11-409 (JMF)
                             :
THE WEINBERG GROUP,          :
                             :
        Respondent.           :
_____:

**MEMORANDUM ORDER**

This case is assigned to me for all purposes. Before me now is the Respondents [sic] the Weinberg Group and Defendants [sic] Hugo Gerardo Camacho Naranjo and Javier Piaguaje Payaguaje's Motion for Entry of Federal Rule of Evidence 502(d) Order [#58]. This motion was submitted together with a Motion for Reconsideration of this Court's September 26, 2012 Order [#58], which will be ruled upon at a later date after the Chevron Corporation has the opportunity to respond to it.

The parties have filed proposed orders. Having considered the proposed Rule 502(d) orders tendered by both parties,[1] I have decided that the order proposed by Chevron is the more appropriate of the two, for the reasons explained below.

On September 26, 2012, I issued a memorandum opinion and accompanying order admonishing the Weinberg Group for the inadequacy of its privilege log and attendant refusal to disclose documents that could not, in fact, be regarded as privileged under either the attorney-

---

[1] The Court is troubled that the Weinberg Group has just now discovered Rule 502(d), the use of which may have prevented the protracted litigation and discovery battles that have plagued this case for the past two years.

client privilege or the work product doctrine.  See Chevron Corporation v. Weinberg Group, No. 11-mc-409, 2012 WL 4480697 (D.D.C. Sept. 26, 2012).  That order required the Weinberg Group to begin production of certain documents, previously withheld under a claim of work product privilege, at a rate of 100 documents per day until complete, redacting only those portions of the documents that constituted true opinion work product.  Id. at *5.  Towards the end of the accompanying Memorandum and Opinion, I noted that, upon application by the parties, I would grant "an order pursuant to Rule 502(d) of the Federal Rules of Evidence that would alleviate any concern [the Weinberg Group] has about [disclosure of documents containing work product] constituting a waiver in any other state or federal proceeding."  Id. at *6.

The Weinberg Group, presumably in response to the above-quoted language, filed the motion that is before me today.  The Weinberg Group asserts that it is now willing to disclose all of the requested documents *"without redacting opinion work product,"* so long as disclosure would not amount to a waiver of the Weinberg Group's right to assert a privilege when Chevron attempts to make use of those documents. Memorandum of Points and Authorities in Support of Respondents The Weinberg Group and Defendants Camacho Naranjo and Javier Piaguaje Payaguaje's Motion for Entry of Federal Rule of Evidence 502(d) Order [#58-1] at 12 (emphasis in original).  The Weinberg Group argues that its proposed 502(d) order should be entered by the Court because it will give Chevron "more documents than it would otherwise receive." Id. at 15.

Chevron does not object to the proposed disclosure of all the documents in un-redacted form.  It does, however, object to another provision in the Weinberg Group's order regarding the procedure the parties must use if Chevron attempts to use one of the disclosed documents in the underlying proceeding before Judge Kaplan in the Southern District of New York—the proceeding for which the discovery at issue is sought.  The procedure proposed by the Weinberg

Group, and objected to by Chevron, would force Chevron to first indicate its intention to use a particular document, and then seek a ruling from this Court that the document may be used. The Weinberg Group, at that point, may claim that the work product privilege applies to the document, in whole or in part, although the document has already been produced. See [Proposed] Order Governing Disclosure of the Weinberg Group's Documents Pursuant to Federal Rule of Evidence 502(d) [#58-16] at 2.

It is my conclusion, however, that such a procedure would amount to an unfair and impermissible burden for Chevron. Rather than keeping the burden on the Weinberg Group, the party claiming a privilege, to prove that the privilege is applicable and the document should not be used, the Weinberg Group's order forces the party attempting to use the document, Chevron, to first prove that the document is *not* privileged. Chevron is correct in its objection to this, given that "it remains the claimant's burden . . . to present to the court sufficient facts to establish the privilege . . . with reasonable certainty." In re Sealed Case, 737 F.2d 94, 99 (D.C. Cir. 1984). To force Chevron to challenge each document, one by one, in hopes of figuring out which parts of it are and are not privileged, would negate the intent and purpose of my initial order, which was to force the *Weinberg Group*, not Chevron, to go through each document and redact material that fell within a genuine privilege.

The Court is not inclined to ignore the fact that we are in this predicament in the first place precisely because the Weinberg Group submitted an insufficient privilege log, filled with either inappropriate or inadequately explained claims of privilege. Therefore, the provision in the Weinberg Group's proposed order with reference to the burden of proof is unacceptable, and deviates completely from my original order. Instead, under the 502(d) order that I intend to sign, when Chevron attempts to use a document provided in un-redacted form, and so advises the

Weinberg Group, the latter must seek a ruling from this Court if it wants to prevent that document, or portions of it, from being used.

I recognize that, by entering any 502(d) order, Chevron will be forced to object to the Weinberg Group's claims of privilege at some point down the line. I am troubled by the uncertainty such a situation creates, especially given the fact that the Weinberg Group has long known of its obligation—first, under the Federal Rules pertaining to civil discovery, and again under the clear and strict directions of my September 26, 2012 Order—to provide Chevron with the discovery it requested, limited only by genuine, good faith claims of privilege. The submission of all materials in un-redacted form, once again, relieves the Weinberg Group of its responsibility to go through each document in earnest and make a sound determination regarding any material that is privileged. When used properly, however, a 502(d) order can alleviate much of the meaningless back and forth these parties have already endured. It is a shame that this tool was not employed by the Weinberg Group earlier on.

I am equally concerned that, although the Weinberg Group is correct that this method does provide Chevron with "more" than my Order originally required, it remains to be seen how useful any un-redacted materials will be, especially if the Weinberg Group's claims of privilege are waiting for Chevron just around the bend. In that respect, the Weinberg Group's last minute proposal may constitute poor case management in the unique circumstances of this case. Chevron will never know until the Weinberg Group objects whether or not Chevron can use the documents disclosed under the 502(d) order, since the Weinberg Group is retaining the right to claim that any document it produced is privileged. Besides potentially shifting the responsibility for resolving these privilege claims from me (where it belongs) to Judge Kaplan, if and when Chevron serves its notice of intent to use a document at trial or just before trial begins, the

Weinberg Group's proposal creates a controversy in the future that could have more easily been resolved now. That is not fair to either Chevron or Judge Kaplan.[2]

Be that as it may, I am still inclined to adopt a 502(d) order to allow the parties to move forward with their case. The alternative of not issuing the order and having to then resolve each claim of privilege the Weinberg Group makes will only slow the process to a halt while I resolve those claims. Meanwhile, the discovery deadline in the New York case looms closer. Additionally, it has been my consistent experience, in reviewing more supposedly "privileged" documents than I care to remember, that the overwhelming majority of them are insignificant and are never offered into evidence; fourteen years of doing that and I am still looking for the smoking gun. It is therefore worthwhile to run the risk that, if there is a document containing privileged information, it will be offered into evidence, and Judge Kaplan may have to resolve that claim of privilege at trial. That limited risk is easily overwhelmed by the benefit of Chevron's getting the documents for which it has been waiting for two years, and of saving everyone the time and effort that it will take to litigate privilege claims as to documents that will never again see the light of day because they are meaningless to the litigants in the New York case.

As Chevron's proposed 502(d) order properly keeps the burden of proving any claim of privilege on the party asserting it, my order, attached as Exhibit 1, incorporates much of Chevron's proposed language. Accordingly, the attached order is, hereby, adopted, and shall be entered as an order of this Court.

---

[2] Note that I remain available to resolve any controversy concerning any Weinberg Group claim of privilege until the close of discovery in the case before Judge Kaplan.

5

**SO ORDERED.**

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE